[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14009
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-00024-KD-N

LOXLEY SOUTH, LLC,

Plaintiff-Counter Defendant-Appellant,

versus

WESTERN EXPRESS, INC.,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 31, 2012)

Before DUBINA, Chief Judge, EDMONDSON, Circuit Judge, and GOLDBERG,* Judge.

PER CURIAM:

_____

* Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

## I. BACKGROUND

This dispute arises from Appellee Western Express's ("Western") failure to construct a road on a parcel of land within six months of closing, as required by its contract with Appellant Loxley South ("Loxley"). Western Express contends that the contract was void and unenforceable *ab initio* because it violated certain provisions of Alabama law and the Subdivision Regulations of the Town of Loxley. The district court granted summary judgment to Defendant-Appellee Western, holding that the contract was void *ab initio*. Loxley now appeals.

## II. STANDARD OF REVIEW

The court has jurisdiction pursuant to 28 U.S.C. § 1332. We review a district court's grant of summary judgment *de novo*. *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2003). Summary judgment is granted if there is no "genuine dispute of material fact." Fed. R. Civ. P. 56(c).

## III. DISCUSSION

The district court held that the contract was unenforceable *ab initio* because it violates Alabama law and the Subdivision Regulations of the Town of Loxley ("Subdivision Regulations"). Both section 3.0 B of the Subdivision Regulations and Alabama's Subdivision Control Statutes ("Subdivision Control Statutes") prohibit

2

selling land in a proposed subdivision if the subdivision plat has not received final approval and has not been recorded in the county probate records. Subdivision Regulations, § 3.0 B., Ala. Code §11-52-33 (2012) ("section 33"). Further, contracts that violate the Subdivision Control Statutes are void and unenforceable under *Kilgore Dev. v. Woodland Place, L.L.C.*, 47 So. 3d 267, 271 (Ala. Civ. App. 2009) (holding that "a contract obtained in violation of the subdivision control statutes is void").

On appeal, Loxley argues that (A) the property at issue is excluded from the Subdivision Regulations, and (B) even if it is not exempt, the contract is not void because *Kilgore* does not apply.

A. The Property Is Not Exempt from the Subdivision Regulations

Section 4.4 B of the Subdivision Regulations states that:

4.4 Applicability: The following *shall not be included* within the definition of subdivision or be subject to the requirements thereof:
. . . .
B. The division of land into parcels greater than five (5) acres where no street construction is *involved*. Any further division of this original tract will require recording of a subdivision plat.

Thus, exclusion under section 4.4 B has two requirements: (1) that the division of land results in parcels of greater than five acres; and (2) that street construction is not involved. Loxley fails to demonstrate that it satisfies either of these two requirements. Therefore, the property is not excluded from the Subdivision

3

Regulations.

First, Loxley improperly characterizes the property described in the contract as consisting of approximately fifty acres. Appellant Brief at 13–14, 24. The Subdivision Regulations and the Subdivision Control Statutes specify that descriptions of metes and bounds in the instrument of transfer will not exempt the transaction from the relevant penalties. Doc. 71 at 114, Ala. Code §11-52-33. Thus, Loxley cannot rely on its metes and bounds description as a basis for its assertion that the transaction involved a parcel of land greater than five acres. Loxley sold Western seventeen lots in the subdivision, fifteen of which were less than five acres.[1]

Second, road construction is "involved" in this division of land. If, as here, subdivision of the land results in parcels with no street access, the Subdivision Regulations require street construction for the land to be developed. *See* Subdivision Regulations, §5.2 B.6. Contrary to Appellant's assertions, the term "involved" is not ambiguous. Further, road construction is clearly "involved" here because both the Subdivision Regulations and the contract between the two parties require road construction. In fact, Western's failure to construct the road created the controversy underlying Loxley's original complaint.

---

[1] Don Rowe, witness for Appellant, testified that the property sold to Western Express "consisted of seventeen lots, totaling approximately fify acres." Doc. 77-3 at 6 (emphasis added).

4

Here, the subdivision of land resulted in parcels of less than five acres. Moreover, street construction was clearly involved. Therefore, the property is not excluded from the Subdivision Regulations under section 4.4 B.

B. *Kilgore* Applies and Renders This Contract Void and Unenforceable

A contract made in violation of section 33 of the Subdivision Control Statutes is void and unenforceable. *Kilgore*, 47 So. 3d at 271. Appellant unsuccessfully attempts to distinguish this situation from *Kilgore*.

First, Appellant argues that this contract, unlike that at issue in *Kilgore,* was an agreement to sell "an entire subdivision." This characterization is incorrect because Exhibit A clearly shows that Loxley South sold lots 2–8, 13–17, 20, 23, and 26, but kept the other lots and still owns those lots today. Doc. 89-3 at 24.

Appellant also argues that, unlike the sales in *Kilgore*, the master plan here had been approved prior to the execution of the Agreement. *See* Appellant Brief at 40. However, this is not accurate because only preliminary approval had been granted. Under the Subdivision Regulations, the approval must be certified on the plat, and the Planning Commission and the Town Council must approve the plat. *See* Subdivision Regulations, §3.2E. Even after preliminary approval, final inspections are still required.

Finally, Loxley claims that "unlike the sale at issue in *Kilgore*, the parties here

contemplated the future approval of the Loxley Planning Commission of a fully engineered subdivision plat prior to the sale of any lots [. . . .] within the proposed subdivision." Appellant Brief at 40. This is also incorrect. The court in *Kilgore* clearly stated that the contract between Kilgore and Woodland Place was conditional upon, and required, the future approval and recording of the subdivision. *Kilgore*, 47 So. 3d at 268.

Like *Kilgore,* this case involves an agreement to sell various lots within a subdivision; the master plan had not been approved prior to the sale; and the contract was conditional upon future approval of the subdivision. Therefore, *Kilgore* applies here and because the contract violates section 33 of the Subdivision Control Statutes, it is also void and unenforceable.

## IV. CONCLUSION

The Court **AFFIRMS** the district court's order.